IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ronan Tools, Inc. ) | |
| ) | Case No. 1:21-cv-6214 |
| v. ) | |
| ) | Judge: Hon. Sara L. Ellis |
| THE PARTNERSHIPS and ) | |
| UNINCORPORATED ASSOCIATIONS ) | Magistrate: Hon. Susan E. Cox |
| Hon. IDENTIFIED ON SCHEDULE "A" ) | |
| ) | |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff, Ronan Tools, Inc., having filed its complaint for Federal Trademark Counterfeiting and Infringement, Unfair Competition and False Designation of Origin, and claims under the Illinois Uniform Deceptive Trade Practices Act, and having moved for a Preliminary injunction against the Defendants, and the Court having considered the complaint, declarations, exhibits, and memorandum of law filed in support, finds as follows:

This Court hereby finds that it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including the State of Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial Internet webstores on platforms such as Amazon, eBay, Wish, TopHatter, Alibaba, or AliExpress, all which offer shipping to U.S. residents, including those within the jurisdiction of the Northern District of Illinois, through which Illinois residents can purchase products bearing counterfeit versions of the CLEVER CUTTER trademark, U.S. Reg. No. 3159610. The registrations is valid, unrevoked, and uncancelled.

This Court further finds that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the CLEVER CUTTER trademarks are distinctive and registered with the U.S. Patent and Trademark Office on the Principal Register; (2) Defendants are not licensed or authorized to use the CLEVER CUTTER trademarks; and, (3) Defendant's use of the CLEVER CUTTER trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of the CLEVER CUTTER trademarks irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage, and therefore Plaintiff has inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion caused by Defendants' actions.

**It is therefore Ordered:**

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be enjoined and restrained from:

> a. using the CLEVER CUTTER trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing,

advertising, offering for sale, or sale of any product that is not a genuine CLEVER CUTTER products or not authorized by Plaintiff to be sold in connection with the CLEVER CUTTER Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine CLEVER CUTTER producst or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of CLEVER CUTTER and approved by Plaintiff for sale under the CLEVER CUTTER Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control or supervision of CLEVER CUTTER, or are sponsored by, approved by, or otherwise connected with CLEVER CUTTER;

d. further infringing the CLEVER CUTTER trademarks and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the CLEVER CUTTER trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the infringing webstores, websites, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products;

2. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be enjoined and restrained from:

a. Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' infringing websites, and/or Defendants' assets and operation; and

b. Removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' infringing websites, assets, operations, or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products, or any reproduction, copy or colorable imitation of the CLEVER CUTTER trademarks.

3. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address; (b) all websites and online marketplace accounts on any platform that they own and/or operate; (c) their financial accounts, including but not limited to all Amazon, eBay, Wish, TopHatter, Ali Express, Alibaba, PayPal, Western Union, Payoneer, Worldfirst, etc., accounts; and (d) the steps taken by each Defendant to comply with paragraphs 1(a)–(i) and 2(a)–(b), above.

4. Plaintiffs may immediately commence discovery by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following parties: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, Amazon, eBay, Wish, TopHatter, Ali

Express, AliBaba, PayPal, Inc., Western Union, Payoneer, Worldfirst, etc. or other merchant account providers, payment provider, third party processors, credit card associations (i.e. MasterCard and VISA) that receive payments or hold assets on Defendants' behalf; and (3) any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Defendants (collectively, "Third Party Providers") shall, within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

    a. The identities and addresses of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' infringing webstores websites and financial accounts;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the infringing websites and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to the infringing websites;

    c. Defendants' infringing webstores, websites and any domain name registered by Defendants; and

    d. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or

participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, Amazon, eBay, Wish, TopHatter, Ali Express, Alibaba, PayPal, Inc., Western Union, Payoneer, Worldfirst, or other merchant account providers, payment providers, third party processors, and credit card associations (i.e., MasterCard and VISA).

5. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Amazon, eBay, Wish, TopHatter, Ali Express, Alibaba, and their affiliates shall, within two (2) business days of receipt of this Order, block any money transfers and funds from being transferred by the Defendants identified in Schedule "A" until further ordered by this Court.

7. PayPal, Inc., Payoneer, Worldfirst, Bill.com ("Payment Processors") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' infringing websites:

 a. locate all accounts and funds connected to Defendants and the infringing websites, including, but not limited to, any Payment Processor accounts connected to the information listed in Schedule A of the Complaint and any e-mail addresses provided for Defendants by third parties; and

 b. restrain and enjoin any such accounts or funds that are non-U.S. based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6

8. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' infringing websites, shall within two (2) business days of receipt of this Order:

a. locate all accounts and funds connected to Defendants and the infringing websites, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds that are based in foreign jurisdictions, including but not limited to China and Hong Kong, from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. Plaintiffs may immediately commence discovery by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following parties: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc., Payoneer, WorldFirst, Bill.com or other merchant account providers, payment provider, third party processors, credit card associations (i.e. MasterCard and VISA) that receive payments or hold assets on Defendants' behalf; and (3) any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Defendants (collectively, "Third Party Providers") shall, within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

    a. The identities and addresses of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' infringing websites and financial accounts;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the infringing websites and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to the infringing websites;

    c. Defendants' infringing websites and any domain name registered by Defendants; and

    d. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc., Western Union, MoneyGram, or other merchant account providers, payment providers, third party processors, and credit card associations (i.e., MasterCard and VISA).

    10. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

    11. This Order shall apply to the infringing Webstores and any other stores properly brought to this Court's attention and verified by sworn affidavit that verifies such new Webstores

are being used by Defendants for the purpose of counterfeiting the CLEVER CUTTER trademarks and/or unfairly competing with Plaintiff in connection with search engine results pages.

12. Upon two (2) days' written notice Plaintiff or on shorter notice as set by this Court, any Defendant may, upon proper showing, appear and move to dissolve or modify this Order upon an appropriate evidentiary showing by Defendant.

13. The $10,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

14. All previously sealed documents are hereby unsealed.

Dated: January 19, 2022

_____
U.S. District Court Judge Sara L. Ellis